UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RAED EL YORDI CHEBIB,**
**A# 044-940-480**

v.                                    Case No.    4:19cv582/MCR/MJF

**DEPARTMENT OF HOMELAND**
**SECURITY**, *et al.*,

   **Respondents.**
                                         /

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation dated April 1, 2020, recommending that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Raed El Yordi Chebib be granted.  *See* ECF No. 12.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  Having conducted the required *de novo* review of Respondents' objections, the Court finds that the Report and Recommendation should be adopted.

Briefly, Petitioner is a native and citizen of Venezuela who legally entered the United States on March 19, 1995 as a lawful permanent resident.  In 2018, Petitioner was convicted of battery of a child, a third-degree felony under Florida law, for which a sentence of five years' probation was imposed.  On the basis of this criminal

conviction, Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody on January 14, 2019 and, on April 19, 2019, an Immigration Judge ordered him removed from the United States.  Petitioner affirmatively waived his right to appeal the removal order and the order became final on May 3, 2019.  Now, more than 12 months after Petitioner was ordered removed, he remains detained.  In the instant petition for writ of habeas corpus brought under 28 U.S.C. § 2241, he asserts that his continued detention is unlawful because it exceeds the presumptively reasonable six-month period for effectuating an alien's removal and his removal is not reasonably foreseeable.  *See* ECF Nos. 1, 19.  The Magistrate Judge agreed and recommended that the Court grant the petition and order Petitioner's immediate release.  *See* ECF No. 12.  Respondents object to Petitioner's release, and claim that continued detention until his removal is lawful, on two primary grounds: (1) Petitioner has not shown there is no significant likelihood of removal in the foreseeable future; and (2) Petitioner has "frustrated" his own removal, thereby extending the statutory removal period under § 1231(a)(1)(C).  *See* ECF Nos. 10 at 1, 15 at 6.  On the record in this case, these objections are unavailing.

The Immigration and Naturalization Act provides that when a final order of removal has been entered against an alien, the government must effectuate the alien's removal from the United States within 90 days, a period generally referred to as the "removal period."  *See* 8 U.S.C. § 1231(a)(1)(A).  During the 90-day removal

period, the alien must be detained. *See* U.S.C. § 1231(a)(2). The removal period "shall be extended" beyond 90 days, and the alien "may" remain in detention during the extended period, where the alien "fails or refuses to make timely application in good faith for travel or other documents necessary to [his] departure or conspires or acts to prevent [his] removal." *See* 8 U.S.C. § 1231(a)(1)(C). Nevertheless, a removable alien cannot be detained indefinitely. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Section 1231(a) includes an implicit limit on "an alien's post-removal period detention to a period reasonably necessary to bring about that alien's removal from the United States." *See id*. at 689. During the first six months of an alien's § 1231(a) detention pending removal, the detention is "presumptively reasonable." *Id*. at 701.; *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002). After the six-month period expires, the alien is eligible for conditional release if his removal is not reasonably foreseeable. *Clark v. Martinez*, 543 U.S. 371, 378 (2005) (citing *Zadvydas*, 533 U.S. at 701). Under this framework, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 699-701. Thereafter, the government must respond with evidence sufficient to rebut that showing; that is, it must demonstrate that the alien's removal *will* occur in the reasonably foreseeable future. *Id*. If the Government does not meet its burden, continued detention is no longer authorized under § 1231(a). *See id*. at 699.

Here, Petitioner has been subject to a final order of removal since May 3, 2019. The presumptively reasonable six-month period for detention expired on October 30, 2019. Another six months has passed and Petitioner remains detained. In that time, his removal was scheduled to occur no fewer than three times—in August 2019, in mid-February 2020, and during the first week of April 2020—but each time, the removal date was rescheduled without explanation. Inexplicably, Respondents have still failed to offer *any* reasons for their failure to remove Petitioner from the United States as scheduled. Instead, in their brief, *see* ECF No. 15 at 2, they simply state that his removal date has been moved, yet again, to July 2020. Given Respondents' unexplained failure to effectuate Petitioner's removal as scheduled in three prior instances, the Court cannot trust that his removal is significantly likely to occur as scheduled now, based solely on an unsupported statement in a legal brief. *See Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements by counsel in briefs are not evidence."). This is particularly true where the record reveals additional challenges to effectuating Petitioner's removal to Venezuela: (1) violent political upheaval in the country and its severance of diplomatic ties with the United States; and (2) the global pandemic of coronavirus, which has resulted in a continuing lockdown of Venezuela and significantly curtailed international air travel. Respondents have offered no evidence of any plan,

much less any concrete steps taken, to overcome these very real impediments to Petitioner's repatriation.

Instead, Respondents argue only that the statutory removal period has not yet expired because Petitioner "frustrated" the government's efforts to remove him by refusing to sign a Form I-229(a) in December 2019. The problem with this argument is that there is no evidence that Petitioner's failure to sign the form actually impeded or delayed any aspect of the removal process. *See* 8 U.S.C. § 1231(a)(1)(C) (removal period may be extended and detention continued if removal is delayed through alien's own actions); *Oladokun v. U.S. Att'y Gen.*, 479 F. App'x 895, 896-97 (11th Cir. 2012) (continued detention is proper where an alien's obstructive misconduct "is the only barrier to his removal"). To the contrary, according to Respondents' filings, they were able to obtain the necessary travel documents to go forward with Petitioner's removal in mid-February 2020 and, after that date was rescheduled, in July 2020, despite the fact that Petitioner has yet to sign a new Form I-229(a).[1] Under these circumstances, it is more than a stretch to suggest that Petitioner's

---

[1] It is undisputed that Petitioner signed a Form I-229(a) on three prior occasions—on July 19, 2019, August 16, 2019, and September 16, 2019. Petitioner asserts that he did not refuse to sign a new Form I-229(a) in December 2019; rather, he asked why he needed to sign another form and the ICE officer took his question as a refusal to sign. *See* R&R, ECF No. 12 at 6. The Court need not decide whether Petitioner "refused" to sign the form because, as discussed in the body of this Order, even assuming he did, there is no evidence that his refusal delayed the removal process.

failure to sign thwarted or delayed the removal process. Therefore, Respondents' objection on this basis is overruled.

In short, for the foregoing reasons, the Court agrees with the Magistrate Judge and finds that Petitioner has met his burden to show that he has been held in post-removal for more than six months and that there are good reasons to believe there is no significant likelihood of his removal to Venezuela in the reasonably foreseeable future. Respondents failed to respond with evidence sufficient to rebut that showing; therefore, they are without statutory authority to continue detaining Petitioner.

Accordingly:

1. The Magistrate Judge's Report and Recommendation, ECF No. 12, is **ADOPTED** and **INCORPORATED BY REFERENCE** in this Order.

2. Petitioner's Petition for Habeas Corpus Ad Subjiciendum Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**.

3. Respondents are directed to **IMMEDIATE RELEASE** Petitioner Raed El Yordi Chebib, on conditions of supervision, pursuant to 8 U.S.C. § 1231(a)(3).

**DONE AND ORDERED** this 20th day of May, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**